## BURNHAM *vs.* HOLT.

Assumpsit cannot be maintained by a father to recover from a third party money which has been paid to him by the minor son of the plaintiff, from his private purse, either as damages for a trespass, or in consideration of the compounding for a crime, or the suppression of a prosecution.

Whether the son himself, being a minor, could, in any such circumstances, recover, *quære ?*

Money entrusted to a minor son for a specific purpose, and applied by him, without the assent of the father, in compounding for a crime committed by the son, may be recovered by the father from the receiver.

But not if the payment was assented to by the father.

Nor if the money was paid solely as civil damages in settlement of the trespass, whether with or without the direction, knowledge or assent of the father.

A principal cannot recover from a third party, who received the same in good faith, money of the ordinary currency of the country, entrusted by the principal to an agent for special purposes, and misapplied by such agent.

ASSUMPSIT, for money had and received.

The action was commenced before a justice of the peace, and carried by appeal to the court of common pleas. The amount which the plaintiff claimed to recover was $2.00, paid, as he alleged, to the defendant by the minor son of the plaintiff, in satisfaction or compromise of a charge against his said son of stealing fruit from the defendant. The plaintiff farther alleged that the money so paid was his own money, delivered to his son to purchase clothing.

The evidence on the part of the plaintiff tended to prove that his said son and another, having taken the fruit of the defendant, were charged by the defendant with having stolen the same, and that he threatened to prosecute the plaintiff's son criminally therefor ; also, that the money was paid as aforesaid to compromise and settle that charge and to avert such prosecution ; and farther, that the money so paid belonged to the plaintiff, and had been delivered to his son for the purpose of purchasing clothing for the son and paying for the same.

The defendant's evidence tended to prove that the two dollars were paid by the son in discharge of a liability for a trespass committed by him in taking the defendant's fruit; that the money paid in fact belonged to the son, being a part of the son's share of wages earned in the service of one Cram, and paid by him to the son in virtue of a bargain made by the plaintiff himself; that the plaintiff told said Cram that his son was to have one half of the wages earned, and clothe himself. The defendant's evidence farther tended to prove, that, after the fruit was taken, the plaintiff said the matter should be settled and payment made to the defendant, and that the payment was in fact made with the knowledge and assent of the plaintiff; that at the time of the payment there was much conversation about the matter; that the defendant did not threaten criminal process, but said that he meant to have recompense for his lost peaches; also, that the son said he should make the payment to avoid a lawsuit, while Holt (the defendant) might call it for taking his peaches.

The court instructed the jury that if the money paid by the son was his money, acquired in the manner contended for by the defendant; or that if the money belonged to the plaintiff, and, having been delivered to the son for the purchase of clothing, was paid by him merely as in discharge of his liability for a trespass (the adjustment being fair and reasonable, and the defendant not knowing that the money belonged to the plaintiff;) or that if the money belonged to the plaintiff, and the payment was made by his direction, (he knowing the facts,) to compound or compromise the crime of larceny, or to suppress a threatened prosecution—in none of these cases could the plaintiff recover.

And the court farther instructed the jury, that if the money belonged to the plaintiff, and was paid by his son without the assent of the plaintiff, to compromise the crime of larceny, or to prevent a prosecution therefor, the plaintiff was entitled to recover, even though the defendant did not know to whom the money belonged.

The jury returned a verdict for the defendant, and the plaintiff moved to set aside the verdict, and for a new trial, for alleged error in said instructions.

*J. W. Hazeltine,* for the plaintiff.

*Brown,* for the defendant.

PARKER, C. J. The instructions of the court below were correct throughout.

If the money was the property of the son, earned and held by him to his own use, as the defendant contended, with the approbation of the father, whether paid in settlement of a trespass or to compound for a crime, or otherwise on his own account, it manifestly cannot be recovered in the present action *by the father.* It certainly was never had and received by the defendant to the use of the present plaintiff. This is said without any reference to the question whether any circumstances could be shewn which would entitle the son to recover, or to vary the case with regard to him, *as a minor,* from the operation of rules which must govern the case of the father.

But the plaintiff contends that the money paid by the son was his (the plaintiff's) own money, furnished to the son for a specific purpose, and misappropriated by him in making the payment to the defendant. Supposing this to be true, it was still for the jury to decide as to the consideration for which it was paid; whether to compound for the crime, or to settle for the civil trespass. If they were satisfied that it was the former, and that the plaintiff did not in any way assent to the payment, of course he might recover. Such a consideration was illegal and void, and no inference can be drawn from the fact that money was placed in the son's hands for legal purposes, that the father had authorized him to apply it to a purpose which the law forbids. The defendant receiving money on such a consideration would have

violated the law, (of which he is supposed not to be ignorant,) and the plaintiff might recover his money thus applied to illegal purposes, *his own hands being clean.*

But it is as much an illegal act to pay money as to receive money in composition of crime. If, therefore, the payment by the son for such purposes was in fact assented to by the father, he has committed an illegal act, which he cannot now make the foundation of a claim, even against the person who has profited by that act, and been equally an offender and partaker with him.

It remains for us to consider one other case, that of a payment by the son, not to compound for crime or suppress prosecution, but merely in settlement of the trespass.

The instructions of the court upon this point were, that, though the facts were as contended for by the plaintiff, if the settlement was a fair and reasonable one, and the defendant ignorant that the money belonged to the present plaintiff, he could not recover.

As a general rule, it is clear that the true owner may follow his property misapplied by an agent, (that is to say, in a manner warranted neither in fact or by presumption of law,) wherever he can find it. From the necessity of the thing, however, an exception exists in the case of the ordinary currency of the country. It has no "ear mark." 7 *Bingh. R.* 284, 292, *Lang* vs. *Smyth ; 5 Moore & Payne's R.* 78, 82, *S. C.* ; 17 *Mass. R.* 560, 563, *Mason* vs. *Waite.* If the defendant took the money in good faith, as the money of the son, and if the adjustment was in itself fair and reasonable, the plaintiff cannot now recover the money. There must, therefore, be

*Judgment on the verdict.*